UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN COLE and SELENA COLE,   )
   )
       Plaintiffs,   )
   )
      v.   )   Case No. 3:22-CV-935-JD-MGG
   )
CROWN EQUIPMENT CORPORATION,  )
   )
       Defendant.   )

## **MOTION TO INTERVENE**

ICW Group Insurance Companies ("ICW"), by counsel, respectfully requests that this Court enter an Order pursuant to Rule 24 of the Federal Rules of Civil Procedure and Indiana Code §22-3-2-13, permitting ICW to intervene in this case because ICW has an interest relating to the property or transaction that is the subject of this action and is so situated that disposing of the action may impair of impede its ability to protect that interest. In support of this Motion, ICW shows the Court as follows:

1. Kevin Cole ("Cole") was injured while acting in the course and scope of his employment on or about August 17, 2022. Cole was an employee of Bailey's Discount Center, Inc. ("Bailey's Discount") at the time he was injured. At the time Cole was injured, ICW was the worker's compensation insurance carrier for Bailey's Discount.

2. ICW accepted Cole's worker's compensation claim as compensable under the Indiana Worker's Compensation Act as an accidental injury arising out of and in the course of his employment.

3. As a result of Cole's work injury, ICW has provided worker's compensation benefits to Cole.

4. In this case, the Plaintiffs assert an action for negligence against the Defendant related to the August 17, 2022 incident.

5. Under Indiana Code §22-3-2-13, ICW has a lien for worker's compensation benefits paid as a result of Cole's work injury against any settlement or judgment proceeds the Plaintiffs receive against the Defendant in this action.

6. ICW requests that the Court allow it to intervene pursuant to Rule 24 because ICW has an interest in any judgment or settlement of this action which might be impaired or impeded if ICW is not permitted to intervene in this action. Both claims arise out of the August 17, 2022 incident and worker's compensation benefits which ICW paid, and continues to pay, following the incident. ICW's recovery on its lien is contingent upon Plaintiffs securing a verdict or negotiating a settlement in this case.

7. ICW has a statutory right of subrogation in this dispute pursuant to Indiana Code §22-3-2-13, and therefore clearly has an interest in the proceeds of this lawsuit. This statute entitles ICW to recover amounts expended for medical, temporary total disability benefits, temporary partial disability benefits, permanent partial impairment benefits, and any other costs or expenses paid as a result of the August 17, 2022 incident.

8. If ICW is not permitted to intervene in this matter, its ability to protect its interest will be impaired or impeded. None of the existing parties can adequately represent ICW's subrogation interest in this matter because the Plaintiffs seek to maximize their own recovery, while the Defendant is denying that it is liable to the Plaintiffs. ICW's consent is necessary for any settlement in this matter because it is subrogated to the rights of the Plaintiffs against the Defendant, and any amount recovered by the Plaintiffs in this case is subject to ICW's right of recovery. Therefore, ICW has demonstrated that its interest

will be impaired and impeded if it is not permitted to intervene, and none of the existing parties will adequately represent its subrogation interest.

9. Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, this Motion to Intervene must be accompanied by a pleading that sets forth the claim for which intervention is sought.  The Intervenor's Complaint is attached as Exhibit "A."

10. For all of the foregoing reasons, intervenor, ICW, by counsel, respectfully requests that the Court grant its Motion to Intervene in this action, and for all other just and proper relief in the premises.

Respectfully submitted,

CARSON LLP


/s/ Karl J. Veracco
Karl J. Veracco/#16891-53
Grant A. Liston/#22450-49
Attorneys for Intervenor

301 W. Jefferson Boulevard
Fort Wayne, IN 46802
Tele: (260) 423-9411
veracco@carsonllp.com
liston@carsonllp.com

3

## **<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on the 18th day of April, 2023, a true and correct copy of the above and foregoing was mailed, by United States mail, postage prepaid to:

  David W. Holub
  Email: holub@davidholublaw.com

  Katelyn C.V. Holub
  Email: kholub@davidholublaw.com

  Thomas R. Schultz
  Email: tschultz@schultzpoguelaw.com

  Stacey A. Everton
  Email: severton@schultzpoguelaw.com

        /s/ Karl J. Veracco