UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN COLE, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 3:22-CV-935-JD-MGG |
| CROWN EQUIPMENT CORPORATION, | |
| Defendant. | |

**OPINION and ORDER**

Before the Court is a Motion to Intervene filed by movant ICW Group Companies, Inc. ("ICW"). For the reasons discussed below, ICW's Motion is denied.

**I.   Background**

On August 17, 2022, Plaintiff Kevin Cole was working at Bailey's Discount Center, Inc. ("Bailey's Discount") in North Judson, Indiana, when the Picker Lift he was operating malfunctioned, causing him extensive and permanent injury. ICW provided worker's compensation insurance for Bailey's Discount at the time of Mr. Cole's injury and accepted Mr. Cole's claim under the Indiana Worker's Compensation Act. Accordingly, ICW has paid, and continues to pay, worker's compensation benefits to Mr. Cole because of this injury.

Defendant Crown Equipment Corporation ("Crown Equipment") manufactured the Picker Lift used by Mr. Cole when he was injured. Therefore, on October 24, 2022, Mr. Cole and his wife, Selena Cole, (collectively, "the Coles") filed the instant action against Crown Equipment in Starke County Circuit Court. The Coles' five-count

complaint asserts claims against Crown Equipment for strict liability, breach of express or implied warranties, and negligence. Crown Equipment removed the Coles' case to this Court on November 7, 2022, based on diversity jurisdiction. ICW then filed the instant petition to intervene under Federal Rule of Civil Procedure 24 on April 18, 2023. Its motion became ripe on May 2, 2023, with no response filed by either party. *See* N.D. Ind. L.R. 7-1(d)(3), (5).

## II.    Analysis

### a.  Legal Standard

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as a matter of right under Rule 24(a) and permissive intervention under Rule 24(b). The Court must permit intervention as of right when the movant "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). As such, "a petitioner must meet four criteria to intervene as of right: '(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action.'" *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (quoting *Shea v. Angulo*, 19 F.3d 343, 346 (7th Cir. 1994)). On the other hand, Rule 24(b)(2) states that permissive intervention may be allowed when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24. The

2

rule goes on to note that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

### b. ICW's Motion

ICW invokes Indiana Code § 22-3-2-13, a provision of the Indiana Worker's Compensation Act ("the Act"), as its basis to intervene. The Act requires an employer to "provide limited compensation to workers whose injuries arise out of and in the course of their employments." *Spangler, Jennings & Dougherty P.C. v. Indiana Ins. Co.*, 729 N.E.2d 117, 120 (Ind. 2000) (internal citation omitted). Benefits paid under the Act are meant "to replace the future wages that the employee would earn if he were able to continue work." *Id.* at 121. An injured employee may also file suit against a third party under Ind. Code § 22-3-2-13. A suit against a third party may include claims seeking damages for pain, suffering, or other losses caused by the injury.

An employer, or an employer's compensation insurer, may pay benefits before the employee files suit against a third party. *Sprangler*, 729 N.E.2d at 120; *see also* Ind. Code § 22-3-2-13(a) ("[T]he injured employee . . . may commence legal proceedings against [a third party] to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation.") In this circumstance, the Act prevents a "double recovery by the employee" by affording the employer or the employer's compensation insurer a lien on any amount recovered by the injured employee in the third-party suit. *Niegos v. ArcelorMittal Burns Harbor LLC*, 940 N.E.2d 323, 327 (Ind. Ct. App. 2010); *see also* § 22-3-

3

2-13(d) ("If the injured employee . . . shall agree to receive compensation from . . . the employer's compensation insurance carrier . . . the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party.")

That is the circumstance leading to ICW's intervention motion here. ICW contends that it has an interest in the proceeds of this lawsuit because it has paid worker's compensation benefits to Mr. Cole, and as such, it has a lien on any settlement award or judgment obtained by the Coles under Ind. Code § 22-3-2-13(d). ICW seeks to intervene so it can enforce this lien and recover payments made to Mr. Cole if the Coles win a judgment against Crown Equipment. ICW also explains that, due to these subrogation rights, its consent is also necessary before any settlement may be reached in this action. ICW further maintains that, if it is not permitted to intervene in this matter, its ability to protect its interests will be impeded or impaired as none of the existing parties adequately represent its interests. ICW explains that neither party adequately represents its interests because the Coles aim to maximize their own recovery while Crown Equipment denies liability.

ICW's motion broadly cites to Rule 24 and does not explicitly state whether it is seeking intervention as of right or permissive intervention. However, ICW's motion references the criteria for intervention as of right, so the Court construes ICW's motion under Fed. R. Civ. P. 24(a).

No party has responded to ICW's instant motion. The Court is usually inclined to summarily grant such uncontested motions, but intervention as of right may only be

4

permitted when "the party seeking to intervene [as] of right [] show[s] that all four criteria are met." *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *see also Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) ("The applicant has the burden of proving each of the four elements of intervention as of right; the lack of one element requires that the motion to intervene be denied.") Here, the Court cannot find that ICW met its burden.

    First, ICW must show that its motion was timely. "The test for timeliness is essentially one of reasonableness: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Reich*, 64 F.3d at 321 (quotations omitted). There are "four factors to determine whether a motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 797–98 (7th Cir. 2013) (quotations omitted).

    Here, ICW filed its motion on April 18, 2023, approximately five months after the Coles filed suit in Starke Circuit Court. ICW presents no information regarding when it received notice of the instant action or any other information regarding timeliness. Ind. Code § 22-3-2-13(g) does state that an employee must notify the employer's compensation insurance carrier within thirty days of filing legal action against a third party. Likewise, Ind. Code § 22-3-2-13(h) provides that an "employer may, within ninety (90) after receipt of notice of suit from the employee . . . join in the action upon

5

the employer's motion . . . ." But the Act does not refer to any such motion when filed by an employer's compensation insurance carrier. As such, without more from ICW, the Court has no information to determine whether the instant motion is timely or not.

As to the second and third factors, "decisions in the Seventh Circuit reveal that the interest of a potential intervenor must be a 'direct, significant, legally protectable' one." *Miller v. JanLab, Inc.*, No. 1:13-CV-282, 2014 WL 5465448, at *3 (N.D. Ind. Oct. 28, 2014) (quoting *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995)). Likewise, intervention is permitted when there is a potential impairment of the proposed intervenor's protectable interest by disposal of the action. *See Reich*, 64 F.3d at 321. Impairment "exists if the decision of a legal question would, as a practical matter, foreclose rights of the proposed intervenor in a subsequent proceeding; foreclosure is to be measured in terms of *stare decisis*." *Lake Invs. Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1260 (7th Cir. 1983).

Here, ICW states that it has an interest in the proceeds of this lawsuit based upon its statutory right of subrogation under Ind. Code § 22-3-2-13(d) and that its interest will be impaired if it is not permitted to intervene. However, ICW also explains that it is entitled to recover benefits it has paid to Mr. Cole from the August 17, 2022, incident, and that any amount recovered by the Coles is subject to its own right of recovery. Notably, ICW does not contend—nor does the statute provide—that a worker's compensation insurance carrier must intervene to protect this right. Indeed, courts have found that intervention is unnecessary to protect this right. *See Salas v. Henkel Corp.*, No. 3:10-CV-110 JTM, 2011 WL 13352798, at *2 (N.D. Ind. May 11, 2011) ("[An insurance

6

carrier] does not lose its right to recover payment if it does not intervene."); *see also Schneider Nat. Carriers, Inc. v. National Employee Care Systems, Inc.*, 469 F.3d 654, 658-59 (7th Cir. 2006) ("[The insurance carrier's] lien rights . . . were not dependent upon [its] intervention in the lawsuit."). Without more from ICW, the court cannot find that ICW has an interest that will be impaired if it does not intervene.

Finally, the fourth factor requires the movant to show that the existing parties will not adequately represent its interests. *See Reich*, 64 F.3d at 321. "Where a prospective intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate." *Shea*, 19 F.3d at 347. If "it is established that the parties have the same ultimate objective in the underlying action, the intervenor[] must demonstrate, at the very least, that some conflict exists." *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982). Here, ICW contends that none of the parties adequately represent its interest because the Coles are seeking to maximize their own recovery, while Crown Equipment is denying that it is liable. But ICW also states that its consent is necessary for any settlement, and this is provided for by statute. *See* § 22-3-2-13(i). Without more, the Court cannot find that "some conflict" exists between ICW's interest and the Coles' interest such that ICW would not be adequately protected. *See Salas*, 2011 WL 13352798, at *2 ("Ultimately, [the worker's compensation carrier]'s interest in this case derive[s] from the Plaintiffs' interest."); *see also Montgomery v. SMS Group, Inc.*, 2019 WL 1487279, at *2 (N.D. Ind. Apr. 4, 2019) (observing that there is "no reason to presume . . . that [the insurance

7

carrier's] interest is not adequately protected" due to the requirement that plaintiff seek consent before prevailing).

Based on the foregoing, the Court cannot find that the Act affords ICW a right to intervene. *Salas*, 2011 WL 13352798, at *1, n.1. ("While Ind. Code § 22-3-2-13 affords worker's compensation insurance carriers many of the same protections it provides employers, the statute does not allow insurance carriers to join in the action as of right.") Therefore, ICW's motion, which seeks intervention under IC § 22-3-2-13, does not meet all four criteria for intervention as of right. *Reid L.*, 289 F.3d at 1017. Without more, ICW's motion must be denied.[1]

Although ICW's motion appears to seek intervention as of right, this Court also declines to allow permissive intervention under these circumstances. This is consistent with other courts declining to allow permissive intervention after denying a motion to intervene as of right. *See Clark v. Davis*, No. 119CV04180JMSTAB, 2019 WL 13080545, at *2 (S.D. Ind. Dec. 30, 2019) (stating that the court "has never permitted a worker's compensation carrier to intervene in similar circumstances" and that "[i]ntervention is unnecessary"); *Montgomery, Inc.*, 2019 WL 1487279, at *2 ("The court, in its discretion, and for the same reasons, also declines to allow permissive intervention."); *Salas*, 2011 WL 13352798, at *2 ("[The insurance carrier] cannot intervene permissively because it would only serve to unduly delay the resolution of the parties' dispute").

---

[1] Notably, the instant action was removed based on diversity jurisdiction, and ICW's motion also fails to provide any explanation as to whether its intervention would impact the Court's jurisdiction.

8

Significantly, if the parties were not already aware of the requirements of Ind. Code § 22-3-2-13(i),[2] they are now on notice that ICW Group Insurance Companies must provide written consent to any release or settlement before it is valid before this Court. The parties are enjoined to proceed accordingly.

## III. Conclusion

Based on the foregoing, ICW Group Insurance Companies' Motion to Intervene is **DENIED**. [DE 13].

**SO ORDERED** this 23rd day of May 2023.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

---

[2] Ind. Code § 22-3-2-13(i) provides that: "No release or settlement of claim for damages by reason of injury or death, and no satisfaction of judgment in the proceedings, shall be valid without the written consent of both employer or the employer's compensation insurance carrier and employee or the employee's dependents, except in the case of the employer or the employer's compensation insurance carrier, consent shall not be required where the employer or the employer's compensation insurance carrier has been fully indemnified or protected by court order."

9