UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN COLE and SELENA COLE, | |
| Plaintiffs, | |
| v. | CASE NO. 3:22-CV-00935-PPS-MGG |
| CROWN EQUIPMENT CORP., | |
| Defendant. | |

**OPINION AND ORDER**

Ripe before the Court is Defendant's Motion to Extend Time to Answer Requests for Admission and to Withdraw or Amend Any Deemed Admissions. For the reasons stated below, the Court GRANTS in part and DENIES in part Defendant's motion.

I.   **RELEVANT BACKGROUND**

Plaintiffs Kevin Cole and Selena Cole ("the Coles") brought this suit against Defendant Crown Equipment Corp. ("Crown") after Kevin Cole was injured in a workplace accident involving one of Crown's machines. [DE 2]. Discovery has been available since January 3, 2023, [DE 8], with its deadline scheduled to close on June 7, 2024. [DE 33].

Crown filed the present Motion to Extend Time to Answer Requests for Admission and to Withdraw or Amend Any Deemed Admissions on November 9, 2023. The present Motion relates to requests for admission ("RFAs") propounded by the

Coles to Crown via email on September 12, 2023. [DE 29 at 3]. The Coles had propounded similarly phrased RFAs on August 9, 2023, [DE 23], with Crown timely responding to those on September 8, 2023. [DE 29 at 3].

Crown is represented by attorneys from two law firms. When the Coles emailed their revised requests in September 2023, attorneys from both law firms were seemingly unavailable, as the Coles received automated "'out of office' responses" to the requests. [*Id.*]. Moreover, neither counsel noticed these requests until the Coles flagged Crown's non-responsiveness at a deposition on November 3, 2023, fifty-two days later. [*Id.*]. Following this revelation, on November 6, 2023, Crown's counsel emailed the Coles' counsel asking for clarity to address the belated RFAs. [*Id.*]. Meanwhile, upon learning of its oversight, Crown responded to the requests six days later. [*Id.* at 4].

Unfortunately, neither party could come to an agreement over how to handle the late RFA responses, and so Crown now turns to the Court to withdraw or amend deemed admissions to the revised requests propounded on September 12, 2023. The Coles filed their response brief on November 21, 2023. Crown did not file a reply brief. As a result, the Motion is ripe for consideration by the Court.

**II.    ANALYSIS**

Fed. R. Civ. P. 36(a)(3) states that if an RFA is not responded to within thirty days of being served, then the matter is admitted. Matters admitted under this rule are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Subject to Rule 16(e), the court may permit withdrawal or amendment of an RFA response if it would "promote the

presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* Thus, as the party seeking withdrawal or amendment of an admission, Crown bears the burden to show that allowing it to withdraw or amend its admissions "subserves the merits." See *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). On the other hand, as the party challenging the withdrawal or amendment to an admission, the Coles bear the burden of establishing they would be prejudiced. *Id.* The court may only exercise its discretion in granting the withdrawal or amendment if both Rule 36(b) prongs are met. See *Texas Roadhouse, Inc. v. Texas Corral Restaurants, Inc.*, No. 2:16-CV-28-JVB-PRC, 2017 WL 2573451, at *2 (N.D. Ind. June 14, 2017)

      At the outset, the Court acknowledges that the Coles do not object to withdrawal or amendment of Crown's admissions to Revised Requests #3 and #4. Despite this, the Coles maintain that Crown's admissions to their Revised Requests #1, #2, and #5 should not be withdrawn. Consequently, the Court will only address the parties' arguments as to Crown's admissions to Revised Requests #1, #2, and #5.

      The Court begins by confirming that Crown's responses were indeed untimely. This is largely undisputed, as Crown even admits that it did not respond to the Coles' RFAs in a timely manner. Crown does state, though, that it did not become aware of them until after the thirty-day deadline had passed. [DE 29 at 2-3]. Crown's excuse is that both of its attorneys were out of the office on the day the requests were sent. As a result, Crown claims its attorneys never knew about the requests until the Coles mentioned them during a deposition over a month later, on November 3, 2023. But

Crown does not explicitly argue the Coles provided insufficient notice, so this issue will not be given a fulsome analysis.[1] *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.")  Moreover, Crown's argument fails to explain how the RFAs were overlooked upon their return.

Turning now to the first prong of Rule 36(b), Crown must show that withdrawing or amending the default admissions "subserves the merits" of the case. *See Banos*, 398 F.3d at 892. Crown cites a handful of cases from the Seventh Circuit to support its argument that the law favors "the resolution of cases on the merits, rather than by default." [*See* DE 29 at 6, citing *Piggee v. Columbia Sussex Corp.*, No. 2:08-CV-107-PPS-PRC, 2010 WL 4687725, at *5 (N.D. Ind. Nov. 10, 2010) (citing *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) and *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004))]. It is true that "withdrawal should be permitted where it facilitates the ability of the parties to reach the truth in a case," but, that said, the moving party's burden is higher and more particularized than what Crown states here. *Skolnick v. Puritan Pride*, 92 C 1022, 1995 WL 215178, at *2 (N.D. Ill.

---

[1] The Coles argue that there was sufficient notice regardless of Crown's actions because Crown's counsels' "out of office" automated emails satisfied Indiana's Uniform Electronic Transactions Act (UETA). But the Court is not convinced that UETA applies here. UETA applies to "electronic records and electronic signatures that relate to a transaction." IND. Code § 26-2-8-103. A transaction is "an action or set of actions relating to the conduct of business, commercial, or governmental affairs." IND. Code § 26-2-8-102. While there are several different definitions of "business," all contextually relevant definitions relate to commercial enterprises or transactions. *Business*, BLACK'S LAW DICTIONARY (11th ed. 2019). Likewise, "commercial" activities relate to the buying and selling of goods or making a profit. *Commercial*, BLACK'S LAW DICTIONARY (11th ed. 2019). Based on a plain reading of UETA, discovery as part of litigation would not be an action relating to business or commercial affairs. Likewise, while litigation involves the government as an adjudicative body, this case does not implicate the government's affairs. Consequently, without more from the Coles, the Court can only find that UETA would not apply to the present case.

Apr. 10, 1995). Rather, "[t]he first requirement under Rule 36(b) for allowing a party to withdraw her admissions 'is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Corbin v. Jensen*, No. 2:23-CV-18-TLS-JPK, 2023 WL 7103160, at *4 (N.D. Ind. Oct. 26, 2023) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)); *see also Fausset v. Mortg. First, LLC*, No. 4:09-CV-42-PRC, 2010 WL 11681373, at *1 (N.D. Ind. Mar. 1, 2010) (allowing withdrawal of default admissions that "directly relate to the merits"); *Paymaster Corp. v. Cal. Checkwriter Co.*, Civ. A. No. 95 C 3646, 1996 WL 543322, at *1 (N.D. Ill. Sept. 23, 1996) (allowing withdrawal if the default admissions would "effectively eliminate any presentation of the merits of the case"); *and Skolnick,* 1995 WL 215178, at *2 (finding that amendment was necessary because "the matters deemed admitted [were] dispositive").

But Crown does not offer any reasons how these requests directly relate to or would effectively eliminate the presentation of the merits here, instead simply generally asserting that they would. But almost any default admission makes it more difficult for the defaulting party to argue their case in court, just by limiting the range of possible arguments. *See United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) ("Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree.") Yet, to be effective, Rule 36(a)(3)'s deadlines also need to have consequences. If default admissions on tangential matters not relating directly to the merits of the case could be withdrawn or amended, then Rule 36's deadline would be undermined. The Federal Rules of Civil Procedure impose a thirty-day limit on responses to requests for admission to serve the purpose of

securing a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As with any default admission, Crown's failure to timely respond might hurt its case; however, here, Crown has failed to specifically address how the substance of these default admissions relate to the merits.

Crown additionally argues that Revised Requests #2 and #5 are identical to prior requests propounded on August 9, 2023, and thus withdrawal would help reach the merits of the case by avoiding inconsistent or contradictory responses. But the Court cannot agree that Revised RFA #2 from September 12th is identical to what was propounded a month earlier on August 9th. While the wording in Revised RFA #2 is identical to the earlier request, the revised RFA also included an excerpt from a deposition that supplemented relevant information sought in the RFA. This excerpt reframes the question and could be seen as "nudging" Crown in its answer. Consequently, with the deposition excerpt added to Revised RFA #2, it appears to be sufficiently different from the Coles' prior RFAs such that the two responses would not lead to confusion.

On the other hand, Revised RFA #5 contains no such supplemental information. While a party can engage in successive sets of requests for admission, the Federal Rules do not condone "'repetitious, redundant and tautological' inquiries." *See Richlin v. Sigma Design W., Ltd.*, 88 F.R.D. 634, 640 (E.D. Cal. 1980) (quoting *Payer, Hewitt & Co. v. Bellanca Corp.*, 26 F.R.D. 219, 222 (D. Del. 1960)). Here, the Coles have not supplemented Revised RFA #5 with any additional material, instead simply repeating the same question from its prior request. This repetition could cause "significant confusion"

when the default admission is compared to Crown's prior response, warranting amendment. [DE 29 at 6]; see also *Hertel v. Dvorak*, No. 3:10-CV-009 JD, 2014 WL 4804244, at *3 (N.D. Ind. Sep. 26, 2014) (allowing defendants to "amend their responses in order to deny allegations they have been denying since the filing of their answers to the complaint and amended complaint").

Therefore, Crown has not met its burden to show how withdrawing its deemed admissions to Revised Requests #1 and #2 would subserve the merits. Crown has not made any specific arguments to how the admissions would prevent the case from reaching its merits and they are sufficiently different from their prior versions to be more than mere repetitions. On the other hand, Crown has met its burden by showing how withdrawing or amending the answer to Revised RFA #5 would subserve the merits by avoiding confusion. The Court must now consider whether the Coles have met their burden as to whether withdrawing or amending RFA #5 will prejudice them.

The Coles claim they would be prejudiced because they would not be able to "narrow the issue for trial and minimize trial costs." [DE 31 at 13]. But "[p]rejudice is not established merely because the party who obtained the admissions will now have to argue the merits of its case." *Fausset*, 2010 WL 11681373, at *2; see also *Wells v. EMF Corp.*, 757 F. Supp. 2d 791, 796-97 (N.D. Ind. 2010). As such, courts have found that arguments like the Coles' here is insufficient under Rule 36. See *Tex. Roadhouse, Inc.*, 2017 WL 2573451, at *2 (finding that disrupting the nonmoving party's discovery and summary judgment strategy is insufficient prejudice); *Rumick v. Stryker Corp.*, No. 09 C 7736, 2010 WL 5060251, at *2-3 (N.D. Ill. Dec. 3, 2010) (finding that the nonmoving party's reliance

on default responses while discovery is still available is insufficiently prejudicial); *Nasrabadi v. Kameli*, No. 18 CV 8514, 2020 WL 4274002, at *3 (N.D. Ill. July 23, 2020) ("[T]he fact that defendant may feel compelled to pursue additional discovery if plaintiff is allowed to withdraw his admissions is not sufficient to establish prejudice . . . .").

Discovery is still open, and there is sufficient time for the Coles to continue narrowing the issues before trial. No trial date has been set. At this point in the litigation, any prejudice caused by withdrawing or amending the admission would just relate to the Coles now having to prove the same facts on their merits rather than by default. Consequently, the Coles have not met their burden in demonstrating how withdrawing Crown's admission to Revised RFA #5 is prejudicial.

As both prongs of Rule 36(b) are met as it relates to Revised RFA #5, the Court now has the discretion to permit the withdrawal of Crown's default admission for that request. *Tex. Roadhouse, Inc.*, 2017 WL 2573451, at *2. There is no evidence that Crown operated in bad faith in its failure to respond to the Coles' requests, nor that it intentionally withheld information from them. Though it appears that Crown's attorneys may have poor email discipline, the Court finds that there is sufficient reason to permit the withdrawal or amendment of Crown's default admission for Revised RFA #5. Additionally, because the Coles do not object to the withdrawal of the default admissions for RFAs #3 and #4, those too may also be withdrawn or amended.

### III. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** in part and **DENIES** in part Defendant Crown Equipment Corp.'s Motion to Extend Time to Answer Requests for Admission and to Withdraw or Amend Any Deemed Admissions [DE 29]. The Court **GRANTS** the Motion as it relates to Crown's admissions to RFAs #3, #4, and #5 and **DENIES** the Motion as it relates to Crown's admissions to RFAs #1 and #2.

**SO ORDERED** this 12th day of March 2024.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge