UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN COLE, ET AL., | |
| Plaintiffs, | |
| v. | Case No. 3:22-CV-935-CCB |
| CROWN EQUIPMENT CORPORATION, ET AL. | |
| Defendants. | |

## ORDER

Now before the Court is the parties' Stipulation of Dismissal seeking to dismiss Defendant Crown Equipment Corporation with prejudice. (ECF 67). The Stipulation does not discuss dismissal of Defendant ICW Group Insurance Companies.

Federal Rule of Civil Procedure 41(a) provides the terms upon which parties can voluntarily dismiss an action. The Seventh Circuit has instructed that Rule 41(a) is an improper vehicle for dismissing anything less than an entire action and that litigants should use Fed. R. Civ. P. 15(a) to amend the complaint instead. *Taylor v. Brown*, 787 F.3d 851, 857–58 (7th Cir. 2015). More recently, the Seventh Circuit allowed the use of Rule 41(a) for dismissal of only part of an action because all claims against a defendant were being dismissed. *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs.*, 7 F.4th 555, 559 n.4 (7th Cir. 2021)[1]. The Stipulation here seeks dismissal of all claims against Crown Equipment Corporation in this action.

---

[1] The *Meinders* court also reminded "district courts that Rule 15(a) is the better course for voluntarily dismissing individual parties or claims in the future." *Meinders*, 7 F4th at 559 n.4.

2

Therefore, in light of *Taylor* and *Meinders*, the Stipulation is **GRANTED**. (ECF 67). Defendant Crown Equipment Corporation is **DISMISSED** with prejudice. Plaintiff's case now proceeds against the remaining Defendant, ICW Group Insurance Companies.

SO ORDERED on October 2, 2025.

          /s/*Cristal C. Brisco*
          CRISTAL C. BRISCO, JUDGE
          UNITED STATES DISTRICT COURT